**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH GUILLEBEAU,

    Plaintiff,

vs.

Judge BAMATTRE-MANOUKIAN, Judge J. MIHARA, Judge J. McADAMS, and Chief Judge GEORGE,

    Defendants.

No. C 07-3287 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at the Correctional Training Facility in Soledad, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He also requests leave to proceed in forma pauperis.

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).

**B.  Legal Claims**

Plaintiff asserts claims against judges of the California Court of Appeal and the Chief Justice of the California Supreme Court, complaining that they improperly denied his petition or petitions for a writ of mandate.

///

Plaintiff's claims clearly arise from actions taken by defendants in their judicial capacity, for which the are absolutely immune from claims for damages. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). And although judicial immunity does not bar plaintiff's injunctive relief claim, *see Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), section 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not base his claims on violation of a declaratory decree, or allege that declaratory relief was not available, so he has stated a claim for neither injunctive relief nor damages.

Because no amendment could change the fact that plaintiff's claims are asserted against defendants for actions taken in their judicial capacity, this case will be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

## CONCLUSION

This case is **DISMISSED** with prejudice. Plaintiff's application for leave to proceed in forma pauperis (document number 4 on the docket) is **DENIED** as moot. No fee is due. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 11, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\GUILLEBEAU287.DSM